IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARK D. PHILLIPS                                                                                      PLAINTIFF

v.                                            Civil No. 4:07-cv-04083

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                    DEFENDANT

**MEMORANDUM OPINION**

Mark D. Phillips ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed an application for SSI and DIB on May 8, 2004. (Tr. 67-69, 79-81). In this application and in the supporting documents filed with the SSA, Plaintiff alleged he was disabled due to bi-polar disorder, post-traumatic stress syndrome (PTSD), knee and back pain, bowel trouble, and trouble with left arm. (Tr. 88, 107, 120). Plaintiff alleged an onset date of March 28, 2004. (Tr. 67, 79). These applications were initially denied on September 24, 2004 and were denied again on

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

reconsideration on June 27, 2005. (Tr. 50-52, 61-65).

On July 15, 2005, Plaintiff requested an administrative hearing on his application. (Tr. 47). The hearing was held on November 16, 2006 in Texarkana, Arkansas. (Tr. 838-866). Plaintiff was present and was represented by, Stanley Brummal, at this hearing. *See id.* Vocational Expert ("VE") Nancy Hughes also testified at this hearing. *See id.*

On February 23, 2007, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB. (Tr. 14-23). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 28, 2004, his alleged onset date. (Tr. 22, Finding 2). The ALJ found that Plaintiff had the following severe impairments: a history of diagnosis and/or treatment for status post gunshot wound to the chest and left lung penumectomy, and mood disorder secondary to anxiolytic abuse. (Tr. 22, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 22, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 19-21, Findings 4,10). The ALJ stated he evaluated Plaintiff's subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). (Tr. 19). After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other limitations based upon several findings, including the following: (1) Plaintiff's daily activities are not consistent with disabling symptoms and limitations, (2) Plaintiff's complaints of pain all day and night are not supported by the record, and (3) Plaintiff's use of medication does not suggest the presence of a

disabling limitation. (Tr. 19-20).

After discounting Plaintiff's subjective complaints, the ALJ then reviewed the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 16-21, Finding 10). Specifically, the ALJ determined Plaintiff retained the following RFC to perform a significant range of light work activity with the following limitations:

> lift and carry 20 pounds occasionally, 10 pounds frequently, stand and walk up to 6 hours in an 8 hour workday and sit up to 6 hours in an 8 hour workday, work where interpersonal contact is incidental to work performed, complexity of tasks is learned and performed by rote and required little judgment; little supervision is required for routine tasks, but detailed supervision for non-routine tasks, and environmental limitations of avoiding work around pulmonary irritants.

(Tr. 20-21, Finding 7). *See* 20 C.F.R. § 416.967.

The ALJ then determined Plaintiff was unable to perform his Past Relevant Work ("PRW") but was able to perform work existing in significant numbers in the national economy. (Tr. 22, Finding 11). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 843-844, 860-862). The VE testified that a hypothetical person with Plaintiff's RFC could not return to Plaintiff's PRW. (Tr. 861).

However, the VE then testified a hypothetical person with Plaintiff's RFC, age, education, and work experience could perform other work in the national economy. (Tr. 861-863). For example, the VE testified such a hypothetical person could perform work as small products assembler (light, unskilled work) (3,000 such jobs in the State of Arkansas and 180,000 in the nation), assembly press operator (light, unskilled work) (2,000 such jobs in the State of Arkansas and 90,000 in the nation), and hand packer of plastic products (light, unskilled work) (1,000 such jobs in the State of Arkansas and 50,000 in the nation). (Tr. 21, finding 11). The ALJ went on to find

Plaintiff was not under a disability from his alleged onset date through the date of the decision. (Tr. 22, Finding 12).

On April 25, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 10). *See* 20 C.F.R. § 404.984(b)(2). The Appeals Council declined to review the decision of the ALJ. (Tr. 6-8). On September 17, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). The parties consented to the jurisdiction of this Court on September 28, 2007. (Doc. No. 4). The case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one

4

year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

The Plaintiff appealed the decision of the Commissioner finding him not disabled. He claims

substantial evidence does not support the ALJ's decision because the ALJ failed to give proper weight to the opinion of Plaintiff's treating physician and that the ALJ's decision was based on an incomplete hypothetical question to the VE. The Defendant argues the ALJ properly considered the treating physicians opinion and the ALJ properly considered the Plaintiff's limitations in determining Plaintiff's RFC.

### A. Treating Physician's Opinion

Plaintiff was treated by Dr. Charles Marrow from January 4, 2006 through October 27, 2006. (Tr. 714-733). On October 27, 2006, Dr. Marrow indicated Plaintiff was disabled due to multiple medical problems. Dr. Marrow diagnosed Plaintiff with PTSD, bi-polar disorder, depression, COPD, emphysemia, attention deficit disorder, and dyslexia. (Tr. 717). The only mention by the ALJ of the treatment provided to Plaintiff by Dr. Marrow was as follows:

> The opinion of claimant's current treating physician, Dr. Charles Marrow has been considered. The medical findings submitted by Dr. Marrow do not support a finding that the claimant's medical condition is disabling.

(Tr. 21).

Social Security Regulations and case law state a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical

assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

In this matter, the ALJ discounted the opinion of Plaintiff's treating physician Dr. Marrow. (Tr. 21). However, he failed to provide "good reasons" for doing so as is required by 20 C.F.R. § 404.1527(d)(2). In Defendants brief, several reasons for discounting the opinions of Dr. Marrow are argued. (Doc. No. 8 Pg. 3-5). However, these points were not discussed by the ALJ and argument from the Defendant in his brief does not substitute for the required analysis of a treating physician's opinions by the ALJ in his decision.

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinion of Plaintiff's treating physician. Because the ALJ did not properly review the opinions of Plaintiff treating physician, Dr. Marrow, this case should be reversed and remanded for proper review and analysis of Dr. Marrow's opinions. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(d)(2) must be performed.

### B. Hypothetical Question to the VE

Plaintiff argues the hypothetical question posed by the ALJ to the VE failed to include all of Plaintiff's impairments and as such, was an improper hypothetical. The Defendant asserts the ALJ's hypothetical question was proper and included all credible impairments found by the ALJ to be supported by the record.

It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established that the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

On December 8, 2004, Dr. Billy Cannon completed a Physician's Supplemental Certificate wherein he indicated Plaintiff "will never have full use of his left arm" as a result of injuries sustained from a gunshot wound. (Tr. 614). Dr. Cannon treated Plaintiff in the hospital for these injuries and performed follow up treatment on Plaintiff. (Tr. 549-551).

The work identified by the VE that Plaintiff could perform included work as small products assembler, assembly press operator and hand packer of plastic products. (Tr. 861-863). The ALJ did not include a limitation in his hypothetical to the VE of inability of Plaintiff to use his left arm. As argued by Plaintiff, the failure to include any physical limitation concerning Plaintiff's inability to use his left arm is important because the jobs of small products assembler, assembly press operator and hand packer of plastic products require the use of Plaintiff's arms.

As with the opinions of Dr. Marrow, the ALJ failed to provide any reason for discounting the opinions of Dr. Cannon as it relates to the ability of Plaintiff to use his left arm as required by 20 C.F.R. § 404.1527(d)(2). On remand, the ALJ shall give a proper and complete analysis of Dr. Cannon's opinions pursuant to 20 C.F.R. § 404.1527(d)(2).

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **18th day of September 2008.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE